IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALTON PARKER, | ) | Case No. 1:23-CV- 02065 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | MEMORANDUM OPINION & |
| | ) | ORDER |
| WARDEN DAVID W. GRAY, | ) | |
| | ) | |
| Respondent. | ) | |

INTRODUCTION

This matter was referred to the magistrate judge for a report and recommendation (R&R). Now pending is the R&R (R. 13), which recommends that the Petition of Alton Parker for a writ of habeas corpus under 28 U.S.C. § 2254 be denied. Before the R&R, Petitioner responded to the Defendant's Return of Writ (R. 9) with a traverse and simultaneously moved to stay and abate further proceedings to permit him to exhaust his claim in ground one of the petition R. 11. The State opposed that motion. R. 12. Thereafter, the magistrate judge issued the R&R, which recommended that the petition be denied and that the motion to stay and abate proceedings (R. 11) be denied. R. 13. After receiving an extension of time (R. 15), Petitioner objected to the R&R. (R. 16). Subsequent to filing his objections, Petitioner moved for an evidentiary hearing (R. 17), which motion was opposed by the State. R.19.

For the following reasons, the Petitioner's objections are overruled, the R&R is ADOPTED, and the petition DENIED. In addition, the recommendation that Petitioner's motion to stay and abate be denied is also ADOPTED and that motion is DENIED. Further, the motion for an

evidentiary hearing is DENIED.

## FACTS

The Court adopts and incorporates the R&R's discussion of the underlying record herein by reference. As explained in the R&R, Petitioner was found guilty of rape and kidnapping by an Ohio jury in 2018 and sentenced to a total of 33 years in prison. R. 13 (R&R), Page ID#: 1547. In his federal habeas petition, Petitioner raised six grounds for relief:

(1) the trial court erred by not providing an instruction on the lesser included offense of sexual battery; *id*., Page ID#: 1555;

(2) ineffective assistance of appellate counsel; *id*., Page ID#: 1555-1556;

(3) trial court erred by imposing consecutive sentences; *id*., Page ID#: 1556;

(4) trial court violated double jeopardy clause by failing to merge allied offenses; *id*.;

(5) unfair trial by not conducting separate trials as to each victim; *id;*

(6) federal speedy trial violation; *id.*, Page ID#: 1557.

In the 37-page R&R, the magistrate judge initially determined that ground one was non-cognizable because issues regarding an instruction on a lesser included offense in state court are purely questions of state law. *Id.*, Page ID#:1562. In addition, the magistrate judge also recommended that grounds three, four, and five be found procedurally defaulted because Petitioner did not raise them in state court on direct appeal. *Id*., Page ID#: 1564. The R&R further concluded that the procedural default was not excused by showing cause for the default, *id*., Page ID#: 1565-1567, nor by showing actual innocence. *Id*., Page ID#: 1567-1568. Similarly, the R&R found that ground six was also procedurally defaulted because Petitioner failed to raise this claim on direct appeal or in his first App. R. 26(B) application to reopen his appeal. *Id*. The magistrate judge further noted that Petitioner could

not excuse this default by cause and prejudice, nor by claiming ineffective assistance of appellate counsel because that claim lacked merit. *Id.*, Page ID#: 1569.

Finally, as to ground two, which asserted that Petitioner's appellate counsel was ineffective as to three specific issues, the R&R first properly applied both the standard for analyzing habeas claims on their merits and the standard for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.*, Page ID#: 1571-1574. The R&R then applied the two standards when considering the state appellate court decision, which ruled against Parker, on each of the three issues. *Id.*, Page ID#: 15741581. The R&R concluded that in all three instances, cited by Petitioner, his counsel was not constitutionally ineffective. *Id.*

Petitioner's objections contend, in an entirely undeveloped argument, that the R&R's recommendation that ground one is non-cognizable is "an abuse of discretion". R. 16, Page ID#: 1590. As to grounds three, four, five, and six, Petitioner objects citing, without any developed legal support or meaningful argument, a claim of actual innocence as an excuse for the procedural default. *Id.*, Page ID#: 1594-95. Finally, as to ground two, Petitioner contends simply and without further analysis that the state appellate court decision rejecting his claim of ineffective assistance of appellate counsel was contrary to, or an unreasonable application of *Strickland*. *Id.*, Page ID#:1590.

STANDARD OF REVIEW

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which proper objection has been made. Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). However, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *accord Austin v. Comm'r of Soc. Sec.*, 2021 WL

1540389, at *4 (N.D. Ohio Apr. 19, 2021) (finding that a general objection that merely restates an argument previously presented or simply voices a disagreement with a magistrate judge's suggested resolution "has the same effects as would a failure to object" (citation omitted)). The text of Federal Rule of Civil Procedure 72(b)(3) addresses only the review of reports to which objections have been made but does not specify any standard of review for those reports to which no objections have lodged. The Advisory Committee on Civil Rules commented on a district court's review of unopposed reports by magistrate judges. In regard to subsection (b) of Rule 72, the Advisory Committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 Advisory Committee's notes (*citing Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879)).

## ANALYSIS

Consistent with the factual outline above, the analysis here proceeds on three tracks: first, whether ground one is non-cognizable; next, whether grounds three, four, five, and six are procedurally defaulted; and finally, whether the ground two's ineffective assistance of appellate counsel claim lacks merit.

The R&R, citing *Scott v. Elo*, 302 F.3d 598 (6th Cir. 2002), concluded that even if the state trial court erred as a matter of state law by not giving an instruction on the lesser included offense of sexual battery, which to be clear neither the magistrate judge nor this Court have found, such an error is not cognizable in a federal habeas proceeding. Although the United States Supreme Court has held that failing to instruct on a lesser included offense is a violation of due process in capital cases, the Supreme Court has not found the same applies to non-capital cases, leading the Sixth Circuit to conclude that such an alleged failure is not such a defect that inherently results in a

miscarriage of justice. R. 13, Page ID#: 1562.

Petitioner's sole response to the R&R is not to question or contradict the applicable law correctly cited by the magistrate judge, but to erroneously claim, without any developed factual or legal basis, that the magistrate judge abused his discretion by not deferring to the state court decision. R. 16, Page ID#: 1590. Such an argument, in addition to being non-responsive to the constitutional underpinning of the R&R, is not even a correct understanding of the state court opinion. The state court, in this case, determined that the offenses of rape and sexual battery were not sufficiently related to justify an instruction on sexual battery. *See, State v. Parker*, 2022 WL 405857, at *4 (Ohio App. Feb. 10, 2022). Petitioner provides no basis for the Court to reconsider the R&R, which properly found that ground one raised a purely state law issue and is non-cognizable in a federal habeas petition. Accordingly, Petitioner's objection to the R&R's well-reasoned determination is overruled.

Petitioner centers his objection to the R&R's determination that grounds three, four, five, and six are procedurally defaulted, on a claim of actual innocence. In so focusing on that assertion, Petitioner leaves unchallenged the R&R's conclusion that no other exculpatory cause for the default exists and that, absent a cause, the federal habeas court need not reach the issue of prejudice. R. 13, Page ID#: 1567. Further, Petitioner fails to develop a basis for the Court to consider a claim of actual innocence, as Petitioner does not mention or identify any new, reliable evidence of actual innocence that was not presented at trial. *Id.*, citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Although Petitioner provides a summary of the standard for proving actual innocence, R. 16, Page ID#; 1593-96, he provides no new evidence to support a claim of innocence and fails to meet the legal standard or otherwise challenge the R&R's relevant findings. The Court agrees with the

R&R, finds no error, and overrules the objection to grounds three, four, five, and six.

As stated above, Petitioner's objection to the R&R's analysis and findings regarding ground two's ineffective assistance of counsel claim consists solely of the undeveloped claim that the R&R was contrary to or an unreasonable application of the clearly established federal law. R. 16, Page ID#: 1590. As this Court has itself stated in *Hernandez v. Haviland*, 2023 WL 6157161, at *3 (N.D. Ohio Sept. 21, 2023), such a perfunctory statement is not a "meaningful analysis of why the R&R is erroneous." As such, it is well-settled that issues presented without "developed argumentation," are deemed waived. *Id*. (citations and internal quotation omitted). In addition, the Court agrees with the R&R, finds no error, and overrules the objection.

## CONCLUSION

The Court, having carefully reviewed the Report and Recommendation and relevant record, agrees with the findings set forth therein, finds it legally sound, and without error. The Magistrate Judge's Report and Recommendation (R. 13) is hereby ADOPTED and Petitioner's objections are overruled.

In addition, for the reasons stated above: (1) Petitioner's motion to stay and abate consideration of this habeas petition (R. 11) is DENIED; and (2) Petitioner's motion for an evidentiary hearing (R. 17) is DENIED. Further, also for the reasons stated, the Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. §2253(c)(2), and so a certificate of appealability shall not issue. Fed. R. App. Proc. 22(b).

IT IS SO ORDERED.

Date: September 26, 2025  /s/ *David A. Ruiz*
David A. Ruiz
United States District Judge